**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**RAFAEL TORMES ORTIZ,**

     **Petitioner,**

**v.**              **Civil Action No. 3:20-CV-154**
                **(GROH)**

**BRYAN ANTONELLI,**

     **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 24, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Petitioner is a federal inmate who was previously housed at USP Hazelton who is challenging the validity of his sentence imposed in the United States District Court for the District of Puerto Rico. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] All CM/ECF references are to the instant case, 3:20-CV-154, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY[2]

### A.   Conviction and Sentence

On September 29, 1989, Petitioner was convicted of conspiracy to possess marijuana and cocaine, possession of marijuana and cocaine, possession of cocaine with intent to distribute, use of a firearm during the commission of a drug crime, and travel in interstate commerce to possess cocaine in the District of Puerto Rico, case number 3:88-CR-253.  United States v. Morris, 977 F.2d 677, 679 (1st Cir. 1992).  In its order denying a reduction of sentence, the trial court summarized Petitioner's conviction and sentences:

> On May 31, 1990, after being found guilty by jury trial, the defendant was sentenced as follows. As to count one, involving a conspiracy to import over 1,000 kilograms of marihuana and over five kilograms of cocaine, the Court sentenced the defendant to imprisonment for his natural life. As to count thirty-six, involving the possession with intent to distribute 48 kilograms of cocaine, defendant was sentenced to 5 years, and as to count thirty-eight, involving the importation of 476 kilograms of cocaine, the Court sentenced defendant to a second life term. The Court set these three sentences to run concurrently.

> For counts thirty-five and thirty-nine, involving the use of firearms during the commission of drug trafficking offenses, the Court sentenced defendant to two five-year sentences to run consecutively to each other and all other sentences, as mandated by 18 U.S.C. § 924(c).

> The Court sentenced the defendant to forty years as to count eleven, involving the possession with intent to distribute one kilogram of cocaine, to ten years for count twelve, involving

---

[2]  All CM/ECF references in Sections II.A., II.B., and II.C. refer to entries in the docket of Criminal Action No. 3:88-CR-253 in the District of Puerto Rico.  Because of the age of the conviction records, most are unavailable through PACER, and the facts are instead taken from the opinion of the Court of Appeals for the First Circuit in U.S. v. Morris, 977 F.2d 677 (1st Cir. 1992),  United States v. Ortiz, Tormes-Ortiz v. United States, 472 F. Supp. 2d 122, 123 (D.P.R. 2006), 951 F. Supp. 305, 306 (D.P.R. 1996), and other filings in 3:88-CR-253 and 3:97-CV-1618 from the District of Puerto Rico.

> the possession with intent to distribute 24 pounds of
> marihuana, to thirty years as to count twenty, involving the
> possession with intent to distribute 1,800 pounds of
> marihuana, and to twenty years as to count twenty-eight,
> involving the possession with intent to distribute 1,200 pounds
> of marihuana. These sentences were set to run concurrently
> with each other, but consecutively to the other sentences
> imposed. Thus, the defendant's sentence boils down to one
> life term, to be followed by two consecutive five year terms, to
> be followed by a forty year term.

United States v. Ortiz, 951 F. Supp. 305, 306 (D.P.R. 1996).  As part of his sentence a

special parole term was imposed.  Tormes-Ortiz v. United States, 472 F. Supp. 2d 122,

123–24 (D.P.R. 2006).

On October 22, 1996, this Court denied Tormes' motion under 18 U.S.C. §

3582(c)(2) to reduce his sentence based upon an amendment to the United States

Sentencing Guidelines.  United States v. Ortiz, 951 F. Supp. 305 (D.P.R. 1996).

**B.    Direct Appeal**

Petitioner and co-defendant Howard Morris appealed their convictions to the

United States Court of Appeals for the First Circuit, which vacated the special parole

term for Petitioner's substantive drug convictions, but otherwise affirmed his conviction

and sentence.  United States v. Morris, 997 F.2d 677 (1st Cir. 1992), cert. denied, 507

U.S. 988 (1993).

**C.    Post-Conviction Relief, Including Motions to Vacate under 28
        U.S.C. § 2255**

On April 24, 1997, Petitioner filed a petition for relief under 28 U.S.C. § 2255, in

the District of Puerto Rico, case number 3:97-CV-1618, which raised two legal issues.

First, Petitioner contended that his counsel was ineffective for failing to: (1) request a

special verdict form for the conspiracy count; (2) call Petitioner to testify in his own

3

defense; (3) give advice on the government's proposed plea bargain; and (4) argue that Petitioner's prior felony convictions in Puerto Rico could not be used to enhance his sentence, because they were not prosecuted by indictment.   Tormes-Ortiz v. United States, 472 F. Supp. 2d 122, 123 (D.P.R. 2006).   Second, Petitioner claims his convictions for 18 U.S.C. § 924(c) should be reversed because the Court gave a jury instruction inconsistent with the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 142 – 150 (1995), which required that the government present evidence of active employment of a firearm.   Id.   On December 27, 2006, the district court denied Petitioner's motion to vacate.   Id., 472 F. Supp. 2d at 128.

On October 22, 2015, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(a)(2) and Amendment 782 to the United States Sentencing Guidelines. ECF No. 2775.  The district court denied Petitioner's motion for a reduction of sentence under 18 U.S.C. § 3582(a)(2) on February 24, 2016.   ECF No. 2781.   Petitioner then appealed to the First Circuit in that court's docket number 16-1337.  ECF No.  On October 20, 2017, the First Circuit denied Petitioner's appeal, finding that, "As observed by the probation department, appellant's guideline sentencing range of life is the same under the sentencing guidelines as amended by Amendment 782.   Accordingly, we find no error or abuse of discretion in the district court's denial of the requested relief."  ECF No. 2786.

On June 2, 2016, Petitioner sought authorization from the First Circuit in that court's docket number 16-1698, to file a second or successive motion to vacate under 28 U.S.C. § 2255.   Therein, Petitioner sought to challenge his 18 U.S.C. § 924(c) firearms conviction pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).  ECF No. 2789. Petitioner later requested that the First Circuit also consider his request in light of Sessions

v. Dimaya, 138 S. Ct. 1204 (2018).  Id.  By order entered August 3, 2018, the First Circuit denied Petitioner's request.  Id.

Petitioner filed a second motion to reduce sentence under Amendment 782 on July 19, 2018.  ECF No. 2788.  The district court denied that motion on October 11, 2018. ECF No. 2791.

### D.    Claims in Instant § 2241 Petition

The instant § 2241 petition states four grounds for relief.  Petitioner contends that: (1) his sentence was improperly enhanced based on past charges and "allegation[s]" at his sentencing hearing; (2) his sentence was improperly enhanced because § 924(c) was subsequently invalidated by new law; (3) that the combination of concurrent and consecutive sentences imposed are excessive; and (4) the judge, not the jury, determined the quantity of drugs which applied to Petitioner.  ECF No. 1 at 5 – 7.  Petitioner asks to be resentenced without enhancement and "to have 924(c) vacated".  Id. at 8.

### III.    LEGAL STANDARDS

### A.    Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.    **Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

<u>Id.</u> at 327.

## IV.    ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated.  Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.     The date on which the judgment of conviction becomes final;

    b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

---

[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

(3) the prisoner is unable to meet the gatekeeping provisions
of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents
an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

In the four grounds for relief articulated in the petition, Petitioner claims in three grounds that his sentence was improperly enhanced.  In the first ground he claims the prior offenses used to enhance his sentence were improperly considered.  ECF No. 1 at 5.  In his second ground he claims that § 924(c) was subsequently invalidated by new law, thereby invalidating his sentence.  Id. at 6.  In his fourth ground, Petitioner asserts that the trial court erred when the judge, rather than the jury, determined the quantity of drugs that applied to Petitioner's sentence.  Id. at 6 – 7.  In his third ground for relief Petitioner contends that his combined concurrent and consecutive sentences are excessive.  Id. at 6.  Although not  a model of clarity, it appears in his request for relief, that Petitioner asks the Court to vacate his sentence and resentence him without the §924(c) enhancements.  Id. at 8.

Petitioner challenges only his sentence, not his conviction.  Accordingly, the undersigned need not perform a <u>Jones</u> analysis.

Petitioner seeks to be resentenced without the 924(c) enhancements and to vacate his "excessive" sentence.  ECF No. 1 at 8.  Petitioner was convicted of multiple drug trafficking offenses involving very large quantities of controlled substances, specifically conspiracy to import over 1,000 kilograms of marihuana and over five kilograms of cocaine, possession with intent to distribute 48 kilograms of cocaine, importation of 476 kilograms of cocaine, possession with intent to distribute one kilogram of cocaine, possession with intent to distribute 24 pounds of marihuana, possession with intent to distribute 1,800 pounds of marihuana, and possession with intent to distribute 1,200 pounds of marihuana.  Consistent with those convictions, he was sentenced under subparagraph § 924(c)(2).  Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits.

Even if Petitioner meets the first prong of <u>Wheeler</u>, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.  To the extent that <u>United States v.</u>

<u>Davis</u>, 139 S.Ct. 2319 (2019), invalidated § 924(c), that decision only invalidated the residual clause contained within § 924(c)(3)(B), which is not implicated in Petitioner's sentence.  Instead, Petitioner's sentence was properly imposed under § 924(c)(2) based on his multiple drug trafficking convictions, which provision remains in effect after <u>Davis</u>. Therefore, Petitioner fails to satisfy the second clause of the second prong of the <u>Wheeler</u> test.  Moreover, as the substantive law regarding § 924(c)(2) has not changed, there is nothing to apply retroactively on collateral review, and Petitioner has failed to satisfy the third clause of the second prong of the <u>Wheeler</u> test. Accordingly, Petitioner fails to meet the second requirement of <u>Wheeler</u>, and the undersigned need not address the third and fourth prongs of <u>Wheeler</u>.  Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should

11

also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:     February 3, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE