IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RAFAEL TORMES ORTIZ,**

       Petitioner,

v.                                       CIVIL ACTION NO.: 3:20-CV-154
                                                  (GROH)

**BRYAN ANTONELLI,**

       Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 10. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the Petitioner's habeas petition. The Petitioner timely filed his objections to the R&R [ECF No. 15], and this matter is now ripe for adjudication.

### I. Background

On August 24, 2020, Rafael Tormes Ortiz ("Petitioner"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. As noted by Magistrate Judge Trumble, the Petitioner's habeas petition is "not a model of clarity." ECF No. 10 at 2. In his petition, the Petitioner attempts to raise four grounds for relief, mostly pertaining to his sentence.

First, the Petitioner argues that the district court erroneously enhanced his sentence based on prior charges and allegations. As his second ground for relief, the Petitioner merely notes the "illegality of 924(c) according [sic] the new law about it." ECF No. 1 at 6. Third, the Petitioner argues that his sentence is excessive because some of his sentences are consecutive and some are concurrent. Lastly, the Petitioner argues that the jury should have determined the applicable drug quantity at sentencing, not the judge. For relief, the Petitioner requests that he be resentenced without the enhancement, his § 924(c) sentence be vacated, and he receive any other legal relief that he may be entitled to.

## II.  Legal Standards

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten

pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe

that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. Analysis

Similar to his initial petition, the Petitioner's objections are not a model of clarity and largely lack reference "to any specific error by the magistrate judge." Green, 644 F. Supp. 2d at 730. The Petitioner's first objection is the most specific, although it lacks merit. The Petitioner begins his objections by arguing that the magistrate misinterpreted his first ground for relief. In his R&R, Magistrate Judge Trumble described the Petitioner's first ground for relief as arguing that the Petitioner's "sentence was improperly enhanced based on past charges and 'allegation[s]' at his sentencing hearing." ECF No. 10 at 5. In his petition, the Petitioner merely listed "sentence enhancement" as his first ground for relief. As support for this claim, the Petitioner argued that "the Government enhanced [him] for past charges as well as allegations on my sentencing hearing." ECF No. 1 at 5. In his objections, the Petitioner describes his claim as arguing that the "prior offenses used to enhance his sentence were improperly considered." ECF No. 15 at 2.

Upon review, this Court finds that the magistrate properly summarized the Petitioner's ground for relief as stated in the petition. Further, the Petitioner's characterization of his claim in his objection does not identify any misinterpretation. The Court finds that the minor differences in phrasing between the magistrate and the Petitioner are of no substantive impact. Therefore, the Petitioner's objection arguing that the magistrate misconstrued his first ground for relief is **OVERRULED**.

Next, the Petitioner provides a description of the First Step Act of 2018. However, the Petitioner did not present an argument pursuant to the First Step Act in any of his original grounds for relief, and the Petitioner makes no reference to any specific finding by the magistrate. Further, the Petitioner appears to misconstrue the applicability of the First Step Act section he cites: Title IV of the First Step Act "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, PL 115-391, 132 Stat. 522, § 401(b)(2).

Here, the Petitioner began serving his sentence in 1990, long before the enactment of the First Step Act, making him ineligible for relief under Title IV. To the degree that the Petitioner's argument that he is entitled to relief under the First Step Act can be construed as an objection, it is **OVERRULED** as the argument was improperly raised for the first time in an objection and it is inapplicable to the Petitioner's sentence.

Lastly, the Petitioner appears to object to the legal standards that apply to his petition. The Petitioner argues that he should not have to satisfy the savings clause in § 2255; the Petitioner asserts that the savings clause "should not be the burden placed on [him] to demonstrate that this remedy is inadequate or ineffective." ECF No. 15 at 4. Then the Petitioner states that he "does not rely on newly discovered evidence, but a new rule of constitutional and statutory law." ECF No. 15 at 4.

Upon review of the docket, the Court finds that the Petitioner filed his petition challenging his sentence pursuant to § 2241, which does indeed require the Petitioner to satisfy the savings clause of § 2255. Further, upon review of the magistrate's R&R, the Court finds that Magistrate Judge Trumble applied the correct legal standard, found in

<u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018), and applied the standard correctly. Therefore, the Petitioner's objection to the legal standard Magistrate Judge Trumble applied is **OVERRULED**.

### IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 10] should be, and is hereby, **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, the Court **ORDERS** that the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 11, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE